IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNSUCK DC METRO, <br> 2200 North Westmoreland Street <br> Arlington, VA 22213, <br><br>               Plaintiff. <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br> 600 Fifth Street, N.W. <br> Washington, DC 20001, <br><br> and <br><br> PAUL J. WIEDEFELD, in his official capacity as General Manager of the Washington Metropolitan Area Transit Authority, <br> 600 Fifth Street, N.W. <br> Washington, DC 20001, <br><br>               Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**Complaint**

Plaintiff Unsuck DC Metro brings this action against Defendants Washington Metropolitan Area Transit Authority and its General Manager and Chief Executive Officer Paul J. Wiedefeld to compel compliance with WMATA's Public Access to Records Policy. As grounds therefor, Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this action pursuant to Section 81 of the WMATA Compact, which provides that U.S. District Courts have original jurisdiction over all actions brought by or against WMATA. 89 P.L. 774, 80 Stat. 1324 (1966).

2. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

1

3.  Venue is proper because this is the district in which substantial events giving rise to the complaint occurred and in which Defendant resides.  28 U.S.C. § 1391(b)(1).

## Parties

4.  Plaintiff Unsuck DC Metro is an unincorporated association.  It is made up of residents of the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.  Its purpose is to raise awareness of and educate DMV residents and visitors about the operations of Metro.  Currently, it has almost 85,000 followers on Twitter, 20,000 followers on Facebook, and has published articles on its blog.  In addition, Plaintiff's work is followed by and has been reported on by the local news media.  As part of its objective, Plaintiff has previously sent PARP requests and published the produced records along with analysis.

5.  Defendant WMATA is an interstate compact agency and, by the terms of its enabling legislation, an agency and instrumentality of DC, Maryland, and Virginia and is also treated as a federal agency.  It is located at 600 Fifth Street, N.W., Washington, DC 20001 and operates and administers the Metro.  Defendant has possession, custody, and control of records to which Plaintiff seeks access and has denied Plaintiff access to such records.

6.  Defendant Paul J. Wiedefeld is General Manager and Chief Executive Officer of WMATA.  As General Manager, Defendant Wiedefeld is responsible for all activities of WMATA.  He is being sued in his official capacity.

## Legal Background

7.  Pursuant to Article 5 of the WMATA Compact, WMATA established PARP, which "make[s] official public records, including electronic records, available to the public for inspection and copying to the greatest extent possible unless exempted from disclosure by a provision herein."  PARP § 1.

8. "All records received or generated by WMATA, its officers, employees and agents in and through the regular course of WMATA's business, and in WMATA's control at the time of the response are covered by [PARP] unless such records are published and are offered for sale by WMATA."

9. In addition, PARP is to be interpreted and applied "consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice, including when determining whether to waive exemptions."

## Factual Background

10. On April 26, 2018, Plaintiff submitted a PARP request to WMATA seeking a copy of WMATA's most recent customer satisfaction survey.

11. On May 14, 2018, WMATA denied Plaintiff's request under PARP Exemption 6.1.5. WMATA asserted the entire record was protected by the deliberative process and self-evaluative privileges.

12. Plaintiff administratively appealed the decision later that day.

13. Although WMATA generally denied Plaintiff's appeal, WMATA did decide that some information contained within the record must be produced.

14. By email dated March 27, 2019, WMATA issued another decision. WMATA produced the 29-page September 2018 Customer Satisfaction Tracking Study with all but one page redacted. This time, WMATA asserted that the other 28 pages of information were protected by the deliberative process privilege and the confidential business information exemption.

15. In addition, WMATA informed Plaintiff that it was required to pay $324.17 in processing fees, and, if it does not pay such amount, WMATA will not process Plaintiff's two pending or any future requests from Plaintiff.

16. Plaintiff administratively appealed the March 27, 2019 decision. Specifically, Plaintiff appealed Defendant's withholding of most of the information contained within the 29-page September 2018 Customer Satisfaction Tracking Study, its assessment of $324.17 in processing fees, and its denial of Plaintiff's two pending requests.

17. By letter dated April 5, 2019, WMATA denied Plaintiff's appeal and informed Plaintiff that it may seek judicial review of the decision.

## Count I
### (Violation of PARP; Declaratory Judgment Act)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Defendants are unlawfully withholding most information contained within the 29-page September 2018 Customer Satisfaction Tracking Study.

20. Defendants also have unlawfully charged Plaintiff $324.17 in processing fees because Plaintiff has not sought the requested record for commercial use and because Defendants failed to notify Plaintiff of the fees prior to the costs being incurred by Defendants. PARP §§ 8.1, 8.6 and 8.9.

21. In addition, Defendants are unlawfully withholding records responsive to Plaintiff's other two pending requests.

22. Plaintiff is being irreparably harmed by Defendants' violations of PARP and will continue to be irreparably harmed unless Defendants are compelled to comply with PARP.

## Count II
### (Administrative Procedure Act)

23.     Plaintiff realleges paragraphs 1 through 22 as if fully stated herein.

24.     Defendant WMATA's unlawful withholding of records responsive to Plaintiff's three requests constitutes a final agency action for which there is no adequate remedy at law.

25.     Defendant WMATA's unlawful withholding of records responsive to Plaintiff's three requests is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with PARP.

26.     Defendant WMATA's unlawful withholding of records responsive to Plaintiff's three requests is causing Plaintiff irreparable harm because it prevents Plaintiff from raising awareness of and educating DMV residents and visitors about the operations of Metro.

27.     Plaintiff will continue to be irreparably harmed unless and until Defendant WMATA produces all non-exempt records responsive to Plaintiff's three requests.

## Count III
### (First Amendment Right to Receive Information)

28.     Plaintiff realleges paragraphs 1 through 27 as if fully stated herein.

29.     Plaintiff enjoys the right to receive information, as guaranteed by the First Amendment to the U.S. Constitution.

30.     The unlawful withholding of records responsive to Plaintiff's three requests has deprived Plaintiff of his right to receive information.

31.     Defendant Wiedefeld, acting within the course and scope of his authority and under color of law, deprived Plaintiff of his Frist Amendment right by withholding records responsive to Plaintiff's three requests.

32.     Defendant Wiedefeld, acting within the course and scope of his authority and

under color of law, continues to deprive Plaintiff of his First Amendment right by continuing to withhold records responsive to Plaintiff's three requests.

33. Defendant Wiedefeld, acting within the course and scope of his authority and under color of law, has caused and will continue to cause Plaintiff to suffer irreparable harm.

34. Plaintiff has no adequate remedy at law.

### Count IV
### (Common Law Right of Access)

35. Plaintiff realleges paragraphs 1 through 34 as if fully stated herein.

36. The common law bestows upon the public a right of access to public records and documents.

37. Under PARP, public records are those made or received by WMATA in connection with the transaction of public business.

38. Plaintiff requested access to public records of WMATA.

39. The requested records would serve a public interest by providing information about the operations of WMATA.

40. Defendants have denied access to and continue to deny access to records responsive to Plaintiff's three requests.   Defendants have no legitimate public interest to deny access to the records.

41. Plaintiff will continue to be irreparably harmed unless and until Defendants provide access to records responsive to Plaintiff's three requests.

42. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendants' failure to produce all non-exempt, responsive records to Plaintiff to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with PARP; (2) order Defendants to conduct

searches for any and all records responsive to Plaintiff's requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's requests; (3) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (4) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's requests; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to PARP § 9.3.4; and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   April 29, 2019                                          Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*